**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **THE BANK OF NOVA SCOTIA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Civil Action No. 2010-118 |
| **DIANE D. ROSS a/k/a DIANE J. ROSS** | ) |
| **a/k/a DIANE ROSS and HAROLD HODGE,** | ) |
| | ) |
| **Defendants.** | ) |
| _____) | |

**Attorneys:**
**Matthew J. Duensing, Esq.,**
St. Thomas, USVI
    *For the Plaintiff*

**Diane Ross,** *Pro Se,*
St. Croix, USVI
    *For Defendant Diane Ross*

**Martial Webster, Esq.,**
St. Croix, USVI
    *For Defendant Harold Hodge*

### MEMORANDUM OPINION

**Lewis, District Judge**

    THIS MATTER is before the Court on Plaintiff Bank of Nova Scotia's ("Scotiabank") Motion for Summary Judgment. (Dkt. No. 24). By this Motion, Scotiabank seeks summary judgment against Defendant Diane Ross on its breach of contract and foreclosure causes of action, and on Defendant Ross' counterclaims. It also seeks judgment against Defendant Hodge establishing that Scotiabank's lien has priority over that of Hodge. For the reasons discussed below, the Court will grant summary judgment to Scotiabank on Defendant Ross' counterclaims

and on the issue of Ross' liability on Plaintiff's breach of contract and foreclosure causes of action, and regarding the priority of its lien over that of Defendant Hodge, but will deny the Motion without prejudice regarding the amount of damages against Ross.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. Procedural History

On December 10, 2010, Scotiabank filed a complaint against Defendants Harold Hodge and Diane Ross alleging breach of contract and foreclosure causes of action. (Compl., Dkt. No. 1).[1] The Complaint alleges that, on or about October 27, 2000, Defendant Ross executed a Promissory Note in the amount of $126,400, at an interest rate of 9.25% *per annum*, with the indebtedness secured by a Mortgage executed the same day, regarding property ("the Property") described as:

> Plot No. 110 (comprising 0.65 U.S. acre, more or less), Estate Work and Rest
> Queen Quarter, as particularly shown on Public Works Drawing No. 988,
> Dated December 6, 1960.

(Compl. ¶¶ 4-5, 7). The Complaint further alleges that Defendant Ross defaulted on the Promissory Note and Mortgage. *Id*. at ¶ 8. The Complaint seeks a judgment of debt and foreclosure against Defendant Ross, interest, costs and attorney's fees.

Defendant Ross, who is *pro se* in this matter, filed an "Answer, Counterclaim, Crossclaim and Class Action" on February 18, 2011 (Dkt. No. 7), and an "Amendment to Answer, Counterclaim, Crossclaim and Class Action" on March 7, 2011. (Dkt. No. 13). The Amended Counterclaim alleges that on or about August 29, 2003, Scotiabank "failed to execute

---

[1] Although, the Complaint does not so state, it appears that Hodge was named as a Defendant only because he holds a junior lien on the Property, which arises from a judgment obtained by him against Defendant Ross in a case against her in the Superior Court of the Virgin Islands. *Id*. at ¶ 3. Hodge has not filed an opposition to the Motion for Summary Judgment and does not appear to contest Scotiabank's claim that it has a superior lien.

an approved Mortgage Modification Agreement . . . on false pretenses that a secondary lien existed;" slandered her title to the Property; failed to amend the Mortgage on November 1, 2005 "as scheduled;" charged usurious interest rates; and violated federal lending laws by failing to disclose that the Mortgage was actually a "five year balloon mortgage." (Counterclaim at ¶¶ 4-13, Dkt. No. 13). The Amended Crossclaim further alleges that Defendant Hodge "wrongfully recorded a Lis Pendens in the amount of $70,000" on the Property. It is alleged that this induced Scotiabank to: 1) deny modification of the Mortgage on August 29, 2003; and 2) deny amendment of the Mortgage on November 1, 2005. (Crossclaim at ¶¶ 2-7, Dkt. No. 13).

On August 23, 2011, Scotiabank filed a Motion for Summary Judgment on its breach of contract and foreclosure claims against Defendant Ross, as well as on Defendant Ross' counterclaims. (Dkt. No. 24). After receiving an extension from the Court, Defendant Ross filed a response on September 30, 2011. (Dkt. No. 31). Scotiabank filed its reply memorandum on October 10, 2011. (Dkt. No. 32). On February 24, 2012, Scotiabank filed a supplemental affidavit addressing its damages. (Dkt. No. 37-1).

**B. Facts**

On October 27, 2000, Defendant Ross executed a Promissory Note in which she promised to repay to Scotiabank $126,400 at 9.25% interest *per annum*. (*See* Promissory Note, Dkt. No. 26-2). The Note requires that Defendant Ross make monthly payments of at least $1,039.86, but states that "[s]uch monthly installments shall continue until the entire indebtedness evidence[d] by this Note is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on **November 1, 2005**." *Id*. (emphasis in original). The Note further states that "[t]he indebtedness evidenced by this Note is secured by a Mortgage, dated **October 27, 2000** and reference is made to terms and conditions of the Mortgage for,

3

among other things, rights as to acceleration of the indebtedness evidenced by this Note." *Id.* (emphasis in original).

On October 27, 2000, Defendant Ross also executed a "First Priority Mortgage" over the Property in favor of Scotiabank, in which she acknowledged that she was indebted to Scotiabank in the amount of $126,400. (*See* Mortgage at 1, Dkt. No. 26-3). The Mortgage references the October 27, 2000 Promissory Note and states that it has a "maturity date of **November 1, 2005.**" *Id.* (emphasis in original). The Mortgage states that the "Mortgagor shall promptly pay when due the principal of and interest on the debt evidenced by the note [and] shall promptly discharge any lien which may attach to the Property at any time during which this Mortgage remains in effect." *Id.* at 1-2. The Mortgage also contains a "Balloon Payment" clause:[2]

> If a balloon payment applies to the loan for which this mortgage is taken as security, the final principal payment or the principal balance due upon maturity may be as much as **$122,500.00**. In addition, accrued interest, if any, and all other advances [that] may be made by the Mortgagee under the terms of this mortgage will be due and payable upon maturity. Mortgagee has no obligation to refinance this balloon amount or to extend the term of the Loan secured by this Mortgage, and Mortgagee has not agreed to do so.

*Id.* at 10 (emphasis in original). The Mortgage further states that Scotiabank may accelerate payments due under the Mortgage and commence foreclosure proceedings if the "Mortgagor defaults in the observance or performance of any of the covenants, provisions, agreements, or conditions contained in this Mortgage or the Note." *Id.* at 5-6.

---

[2] Pursuant to federal lending laws, "[a] balloon payment results if paying the minimum periodic payments does not fully amortize the outstanding balance by a specified date or time, and the consumer must repay the entire outstanding balance at such time." 12 C.F.R. § 226.5b(d)(5)(1) n.10b (2003).

In her Amended Answer, Defendant Ross admits executing the Promissory Note and Mortgage. (*See* Amended Answer at ¶¶ 4-5). Additionally, her initials appear at the bottom of each page of the Mortgage. (*See* Mortgage).

On November 22, 2002, and April 30, 2003, Defendant Hodge recorded *Lis Pendens* against the Property regarding *Harold Hodge v. Diane Ross and Isaac "Ike" Bracy*, Virgin Islands Superior Court Case No. SX-03-CV-029. (*See Lis Pendens*, Dkt. Nos. 26-4 & 26-5). On or about August 5, 2010, the Superior Court issued a "Decree" stating that an "equitable lien shall attach to [the Property] as security for Plaintiff Harold Hodge's claim in [SX-03-CV-029]" in the amount of $175,738.60. (*See* Decree, Dkt. No. 26-7). On or about August 11, 2010, Defendant Hodge was awarded a Judgment against Defendant Ross in the amount of $70,000 in Virgin Islands Superior Court Case No. SX-03-CV-029. (*See* Judgment, Dkt. No. 26-6). The Judgment and Decree were recorded by the Virgin Islands Recorder of Deeds on September 16, 2010. *Id*.

Daniel Rogers, an employee of Scotiabank who "oversee[s] delinquent loans made by Scotiabank" and is "personally familiar with Scotiabank's records concerning the loan made by Scotiabank to Diane D. Ross and the Mortgage executed in connection with it," avers that Defendant Ross "failed to comply with the terms and conditions of the Note and Mortgage and [is] in default under those instruments for failing to discharge a subsequent lien and failing to pay principal and interest when due." (Aff. of Daniel Rogers ¶¶ 2-3 & 17, Dkt. No. 26-8). He further avers that, as of August 11, 2011, "Ross is indebted to Scotiabank on the Note in the total amount of $132,011.26 . . . comprised of $115,568.30 in principal, $12,673.82 in interest, $2,907.30 in fees and other charges, with interest continuing to accrue thereafter at the rate of 28.19 per diem." *Id* at ¶ 19.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Summary Judgment Standard

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Nicini v. Morra*, 212 F.3d 798, 805-806 (3d Cir. 2000) (en banc); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [] vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or demonstrate that the adverse party failed to cite materials proving that there is no question of fact. Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

Although *pro se* pleadings and filings must be "construed liberally," the same summary judgment standard applies to *pro se* litigants. *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir.

2010) (granting summary judgment to defendant on *pro se* plaintiff's equal protection claim because plaintiff "has adduced no evidence of unequal treatment, and in order to forestall summary judgment, Renchenski must bring forth enough evidence from which a reasonable jury could find in his favor."); *see Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009) (noting that in a *pro se* case brought by a prisoner, the plaintiff is expected to produce at least an affidavit at the summary judgment stage) (citing *Brooks v. Kyler*, 204 F.3d 102, 109 (3d Cir. 2000)); *Staples v. Ruyter Bay Land Partners, LLC*, 2007 WL 4800350, at *2 (D.V.I. Dec. 10, 2007) (finding that *pro se* plaintiffs' "bare and conclusory assertions are insufficient to survive a summary judgment motion."); *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) ("Proceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment.") (internal quotations omitted); *Dube v. Boyer*, 594 F. Supp. 2d 91, 93 (D. Me. 2009) ("While Dube's complaint may be held to a less stringent pleading standard . . . his *pro se* status does not shield him from Rule 56's operative provision under subsection (e) requiring the pleader to "set forth such facts as would be admissible in evidence.") (quoting Fed. R. Civ. P. 56(e)(1)).[3]

### B. Elements of Breach of Contract and Foreclosure Causes of Action

To succeed on a breach of contract claim under Virgin Islands law, a plaintiff must prove four elements: "(1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages." *Arlington Funding Services, Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009) (citing *Galt Capital, LLP v. Seykota*, 2007 WL 2126287, at *2 (D.V.I. July 18, 2007); *see also*

---

[3] In addition, Local Rule of Civil Procedure 82.1 provides that "[i]ndividuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure."

*Elbrecht v. Carambola Partners, LLC,* 2010 WL 2813614, at *3 (D.V.I. July 16, 2010) (citing *Arlington Funding Services*); Restatement (Second) of Contracts §§ 235, 237, 240 (1965) (defining breach of contract).

To prevail on a foreclosure claim, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)).

### III. DISCUSSION

#### A. Scotiabank's Grounds for Summary Judgment

Scotiabank has provided evidence to support all the elements of its causes of action. The Promissory Note and Mortgage are evidence of an agreement between the parties whereby Defendant Ross promised to repay to Scotiabank $126,400 at 9.25% interest *per annum* and to secure repayment by mortgaging the Property. (*See* Promissory Note and Mortgage). Defendant Ross acknowledges signing the Promissory Note and Mortgage. (*See* Defendant Ross' Amended Answer at ¶¶ 4-5). The Mortgage provides that Ross must discharge any lien that attaches to the property during the life of the Mortgage and make timely payments due under the Promissory Note and Mortgage. (Mortgage at 1-2). The Mortgage further states that Scotiabank may accelerate payments due under the Mortgage and commence foreclosure proceedings if the "Mortgagor defaults in the observance or performance of any of the covenants, provisions, agreements, or conditions contained in this Mortgage or the Note." *Id*. at 5-6.

Scotiabank has provided evidence that Defendant Ross defaulted under the terms of the Promissory Note and Mortgage by failing to make payments due under the Note and Mortgage

and by failing to discharge the September 10, 2010 lien on the Property.  (*See* Rogers Aff. at ¶ 17; Decree).  Further, Scotiabank has demonstrated that it has suffered damages as a result of Defendant Ross' breach of the Mortgage and Promissory Note in that Ross has failed to make payments when due.  (Rogers Aff. at ¶ 18).   The Court finds that this evidence is sufficient to shift the burden to Defendant Ross to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in [her] favor" regarding Scotiabank's breach of contract and foreclosure causes of action.  *Ridgewood Bd. of Educ*., 172 F.3d at 252.

Regarding its claim against Defendant Hodge, Scotiabank has shown that its lien on the Property was recorded prior to the *lis pendens* recorded by Hodge.  (*See* Dkt Nos. 26-3, 26-4, and 26-5).[4]  That is sufficient to demonstrate that Scotiabank's lien has priority over that of Hodge.  *See* 28 V.I.C. § 124.  Accordingly, Scotiabank has shown that there is no genuine issue of material fact regarding its claim of priority over Defendant Hodge, and it is therefore entitled to summary judgment on that claim.

### B.  Defendant Ross' Response

In her *pro se* Opposition Memorandum, Defendant Ross makes several allegations.  First, she alleges that upon "belief and information received from the office of Banking and Insurance . . . the Board of Governors of the Federal Reserve System has long urged Scotiabank to stop engaging in unfair and deceptive practices when extending credit and/or home mortgage lending."  (Dkt. No. 31 at 1).  Ross further alleges:

> On or about August 4, 2000, Ross applied for a thirty (30) year conventional mortgage from Scotiabank.  The bank failed to fully disclose the terms of the

---

[4]  Notably, Defendant Hodge has not filed an opposition to the Motion for Summary Judgment and does not appear to otherwise challenge the priority of Scotiabank's lien.

> mortgage. The purported 30 year mortgage was actually a hybrid form of "five year adjustable rate mortgage" (ARM), with a balloon payment. The bank failed to disclose this information in accordance with the Real Estate Settlement Procedures Act (RESPA).
>
> In fact, the bank did not provide Ross with a consumer handbook until approximately three years after she applied for the mortgage. Ross has information of other similarly situated persons who have been affected by the same egregious practices of the bank, and, who wish to seek redress from this Court through a Class Action suit. Based on information and belief, Ross has become aware that the bank has recently stopped offering the hybrid form of its "five year adjustable rate mortgage". Ross is convinced she must use the "Freedom of Information Request" Act and other legal avenues to get the needed documents between the Regulators and Scotia Bank to pursue redress of the egregious acts committed by Scotiabank.

*Id*. at 1-2.

Scotiabank objects to Ross' Memorandum as consisting "entirely of unsupported conjecture and mere allegations." (Plt.'s Reply at 2). Indeed, Defendant Ross does not include any supporting documents, including an affidavit, to substantiate any of the assertions made in her Opposition Memorandum. Even though Defendant Ross' *pro se* submissions are entitled to a liberal reading, her Opposition Memorandum fails to supply anything more than "bare and conclusory assertions [which] are insufficient to survive a summary judgment motion." *Staples*, 2007 WL 4800350, at *7; see also Renchenski,* 622 F.3d at 337; *Giles,* 571 F.3d at 326; *Rodriguez,* 209 F. Supp. 2d at 348; *Dube,* 594 F. Supp. 2d at 93.

Further, the evidence of record does not support Defendant Ross' primary contention—that Scotiabank failed to disclose that the Mortgage was a five-year balloon mortgage. The Promissory Note, dated October 27, 2000, provides for monthly payments of $1,039.86, but states that "[s]uch monthly installments shall continue until the entire indebtedness evidenced by this Note is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on **November 1, 2005**." (Promissory Note) (emphasis in original). While the

Promissory Note does not label this a "balloon payment," the Mortgage, which was signed on the same day as the Promissory Note and which provides terms that are incorporated into the Promissory Note, states on the first page that the "Note" has a "maturity date of **November 1, 2005**." (Mortgage at 1) (emphasis in original). The Mortgage also states that "[i]f a balloon payment applies to the loan for which this mortgage is taken as security, the final principal payment or the principal balance due upon maturity may be as much as **$122,500.00**." *Id*. at 10 (emphasis in original). Finally, the Promissory Note provides that the final payment is due on November 1, 2005, not October 27, 2030—which is when the final payment would have been due if the loan had actually been a "thirty (30) year conventional mortgage." Defendant Ross admits signing both the Mortgage and Promissory Note and her initials appear at the bottom of each page of the Mortgage. (*See* Mortgage). Thus, there is no question that the terms of the Mortgage and Promissory Note provide for a five-year term with a balloon payment at the end.

Moreover, assuming the truth of her claims that Scotiabank failed to disclose that her loan was a five-year balloon mortgage or provide her with a consumer handbook, Defendant Ross fails to explain how those claims create an issue of material fact regarding Scotiabank's breach of contract and foreclosure causes of action. *See Dennis v. Lowe's Home Centers, Inc.*, 2010 WL 146458, at *4 (M.D. Pa. Jan. 11, 2010) ("Although the court understands that the Plaintiff is *pro se*, it is also not the court's duty to litigate Plaintiff's claims for [her]."). While RESPA requires that a lender provide the borrower with a "uniform settlement statement" and a "special information booklet" disclosing the terms of the mortgage (see 12 U.S.C. §§ 2603, 2604, respectively), RESPA does not provide a right of rescission for failure to provide these documents. *See Barret v. Am. Partners Bank*, 2009 WL 2366282, at *6 (D. Md. July 28, 2009) (no right to rescission under RESPA). Further, section 2615 of RESPA states that "[n]othing in

this chapter shall affect the validity or enforceability of any sale or contract for the sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan." 12 U.S.C. § 2615. Thus, the alleged noncompliance with sections 2603 and 2604 does not "affect the validity or enforceability" of the mortgage, and is thus not a bar to summary judgment. *Id*.

In view of: 1) Defendant Ross' failure to support any of the allegations made in her Opposition Memorandum with evidence; 2) her failure to demonstrate how, if true, her allegations create a genuine issue of material fact regarding Scotiabank's causes of action; and 3) the actual language of the Promissory Note and Mortgage, the Court finds that Defendant Ross has failed to demonstrate that there is an issue of material fact regarding her liability as to Scotiabank's breach of contract and foreclosure causes of action. Accordingly, a finding of liability as to those causes of action is appropriate.

### C. Scotiabank's Claim For Damages

While Scotiabank has demonstrated that there are no issues of material fact regarding Defendant Ross' liability on Plaintiff's breach of contract and foreclosure causes of action, Scotiabank has failed to adequately prove the amount of its damages. In an affidavit filed in support of Scotiabank's Statement of Undisputed Material Facts, Scotiabank employee Daniel Rogers states that as of August 11, 2011, "Ross is indebted to Scotiabank on the Note in the total amount of $132,011.26 . . . comprised of $115,568.30 in principal, $12,673.82 in interest, $2,907.30 in fees and other charges, with interest continuing to accrue thereafter at the rate of 28.19 per diem." (Aff. of Daniel Rogers at ¶ 19). However, in an affidavit filed approximately six months later, Scotiabank employee Hugh Brown states that as of February 22, 2012, "Ross is indebted to Scotiabank on the Note in the total amount of $190,812.06 . . . comprised of

$115,568.30 in principal, $21,133 in interest, *$45,886.58 in add-on charges, $7,373.07 in add-on interest*; $861.84 in fees, with interest continuing to accrue thereafter at the rate of $41.81 per diem." (Aff. of Hugh Brown at ¶ 19, Dkt. No. 37-1) (emphasis added). Notably, the total amount sought by Scotiabank increased by $58,801.34 from August 2011, to February 2012—an increase of approximately 45%. Mr. Brown does not explain what the $45,886.58 in "add-on charges" and the $7,373.07 in "add-on interest" are; why the Bank is entitled to those "add-on charges"; and why the *per diem* interest rate is different from the prior *per diem* rate. Scotiabank's damage calculations are seemingly inconsistent and unsupported by record evidence. Thus, Scotiabank has failed to adequately demonstrate the amount of its damages. *See Bank of Nova Scotia v. Abdallah*, 2012 WL 1139745, at *2-3 (D.V.I. Mar. 30, 2012) (finding that bank had failed to adequately prove damages on motion for default judgment because it provided inconsistent and unexplained damage calculations).

In view of the foregoing, the Court will grant the Motion for Summary Judgment on the issue of Defendant Ross' liability on Scotiabank's breach of contract and foreclosure causes of action, but will deny the Motion without prejudice regarding the amount of damages. *See* Fed. R. Civ. P. 56(g) (court may partially grant summary judgment as to facts not genuinely in dispute); *Bank of Nova Scotia,* 2012 WL 1139745, at *2-3; *SBA Network Services, Inc. v. Telecom Procurement Services, Inc.*, 2006 WL 2038622, at *8 (W.D. Pa. July 20, 2006) (granting plaintiff's motion for summary judgment as to liability but denying it without prejudice as to damages and ordering that plaintiff file a "renewed motion for summary judgment as to damages with properly authenticated documentation of damages, as well as its documentation supporting its request for attorney's fees"); *Schimmel v. Slaughter*, 975 F. Supp. 1357, 1364 (M.D. Ga. 1997) (granting summary judgment on defendant's liability, but denying motion for

13

summary judgment as to damages); *General Dynamics Corp. v. United States*, 671 F.2d 474, 481 (Ct. Cl. 1982) ("The result of this ruling is that we grant the plaintiff's motion for summary judgment on its petition insofar as it relates to the question of liability, but deny it with respect to the amount of damages.").

### D. Defendant Ross' Counterclaims

Scotiabank also seeks summary judgment on Defendant Ross' counterclaims. Her counterclaims include allegations that: 1) on or about August 29, 2003, Scotiabank "failed to execute an approved Mortgage Modification Agreement . . . on false pretenses that a secondary lien existed;" 2) slandered her title to the Property; 3) failed to amend the mortgage on November 1, 2005 "as scheduled;" 4) charged usurious interest rates; and 5) violated federal lending law by failing to disclose that the Mortgage was actually a "five year balloon mortgage." (Counterclaim at ¶¶ 4-13, Dkt. No. 13).

Regarding the first and third claims—that Scotiabank failed to modify the terms of the Mortgage—the terms of the Mortgage state that "the promissory note *may* be extended, renewed, modified, or varied by *mutual agreement* of the parties thereto." (Mortgage at 1) (emphasis added). The Mortgage further states that "Mortgagee has no obligation to refinance this balloon amount or to extend the term of the Loan secured by this Mortgage, and Mortgagee has not agreed to do so." *Id*. at 10. Thus, Scotiabank was not *required* to amend or modify the Mortgage or Promissory Note. Further, Scotiabank has come forward with undisputed evidence that *Lis Pendens* were recorded against the Property on November 22, 2002, and April 30, 2003. (*See Lis Pendens*). Defendant Ross identifies no facts or law in support of her claim that Scotiabank was required to approve a Mortgage Modification Agreement on August 29, 2003 or November 1, 2005, let alone a requirement to do so in the face of two recorded *Lis Pendens*.

Regarding Defendant Ross' causes of action for slander of title, usury, and violations of federal lending law, Defendant Ross has come forward with no evidence to support these claims.[5] Summary judgment on these claims is thus warranted. *Jakimas v. Hoffmann-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007) ("If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial, summary judgment is proper as such a failure necessarily renders all other facts immaterial.") (internal quotations omitted); *Givens v. Demaioribus*, 2012 WL 706122, at *5 (W.D.N.C. Mar. 5, 2012) ("[O]n summary judgment, even a pro se plaintiff must come forward with otherwise admissible evidence upon which a reasonable jury could return a verdict in his or her favor."); *Jermosen v. Coughlin*, 877 F. Supp. 864, 867 (S.D.N.Y. 1999) (in order to defeat summary judgment, a *pro se* plaintiff must present "concrete evidence from which a reasonable juror could return a verdict in [her] favor.") (citations omitted).

Accordingly, Scotiabank has demonstrated that it is entitled to summary judgment on all of Defendant Ross' counterclaims.

---

[5] Further, even if the Court were to accept the allegations made in Defendant Ross' Opposition to the Motion for Summary Judgment—that Scotiabank failed to provide her with a disclosure statement and a consumer handbook—as factual assertions in support of her claim that Scotiabank violated federal law, RESPA does not provide a cause of action for violations of the consumer handbook or disclosure provisions. *See Lamb v. Bank of America, N.A.*, 2012 WL 87146, at *4 (E.D. Mo. 2012) ("courts have consistently held that Congress did not create a private right of action for violation of §§ 2603 and 2604) (citing cases); *see also Lingad v. IndyMac Fed. Bank*, 682 F. Supp. 2d 1142 (E.D. Cal. 2010); *Delino v. Platinum Community Bank*, 628 F. Supp. 2d 1226 (S.D. Cal. 2009); *Sarsfield v. Citimortgage, Inc.*, 667 F. Supp. 2d 461 (M.D. Pa. 2009); *Stith v. Thorne*, 488 F. Supp. 2d 534 (E.D. Va. 2007). Thus, Defendant Ross cannot assert RESPA claims against Scotiabank for failure to provide her with a consumer handbook or a disclosure statement.

## IV. CONCLUSION

Scotiabank has demonstrated that it is entitled to summary judgment against Defendant Hodge regarding the priority of its lien and Defendant Ross regarding her liability on its breach of contract and foreclosure causes of action, and her counterclaims. However, Scotiabank has failed to adequately prove the amount of its damages due under its breach of contract and foreclosure causes of action.

Accordingly, the parties are ordered to file with the Court submissions addressing the amount of damages suffered by Scotiabank, with particular attention to the damages issues discussed in this Memorandum Opinion. Specifically, Scotiabank shall have up to and including October 26, 2012, to file with the Court a submission detailing, with particularity, the specific damages sought, the manner in which such damages are calculated, and the legal and factual grounds for those damages. The submission must also indicate the amounts paid by Defendant Ross on the Promissory Note and Mortgage and the date of her default, and should include supporting evidence. Defendant Ross shall have up to and including November 9, 2012 to file her response, and Scotiabank shall have up to and including November 23, 2012, to file a reply memorandum, if any. An appropriate Order accompanies this Memorandum Opinion.

Date: October 12, 2012 _____/s/_____
WILMA A. LEWIS
District Judge