DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **THE BANK OF NOVA SCOTIA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Civil Action No. 2010-0118 |
| **DIANE D. ROSS a/k/a DIANE J. ROSS** ) | |
| **a/k/a DIANE ROSS and HAROLD HODGE,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**Attorneys:**
**Johanna H. Harrington, Esq.,**
St. Thomas, USVI
    *For the Plaintiff*

**Bruce P. Bennett, Esq.**
Brookfield, CT
    *For Defendant Diane Ross*

**Martial A. Webster, Esq.,**
St. Croix, USVI
    *For Defendant Harold Hodge*

## JUDGMENT AND ORDER

**UPON CONSIDERATION** of the "Motion for Summary Judgment" filed by Plaintiff Bank of Nova Scotia ("Scotiabank") against Defendant Diane D. Ross a/k/a Diane J. Ross a/k/a Diane Ross ("Ross") (Dkt. No. 24); the Court's Memorandum Opinion and Order dated October 12, 2012 (Dkt. Nos. 41, 42); the Court's Memorandum Opinion and Order dated September 26, 2014 (Dkt. Nos. 55, 56); the Joint Submission Pursuant to February 27, 2015 Order (Dkt. No. 69); Scotiabank's Response to Joint Submission (Dkt. No. 70), Scotiabank's supplemental affidavit (Dkt. No. 72), and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion filed contemporaneously herewith, in conjunction with the

Court's October 12, 2012 and September 26, 2014 Memorandum Opinions and Orders in this matter, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that Bank of Nova Scotia's Motion for Summary Judgment on its breach of contract and foreclosure causes of action is **GRANTED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of Nova Scotia has a first priority lien on the Property, described as

> Plot 110 (comprising 0.65 U.S. acres, more or less), Estate Work and Rest, Queen Quarter, St. Croix, U.S. Virgin Islands, as more particularly shown on Public Works Department Drawing No. 988, dated December 6, 1960,

and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendant Harold Hodge has a second priority lien on the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of Nova Scotia is awarded final judgment against Defendant Diane D. Ross a/k/a Diane J. Ross a/k/a Diane Ross in the amount of $115,568.30 in unpaid principal balance; interest through February 1, 2015 of $48,671.04; escrow advances of $41,071.31, consisting of moratorium interest, force placed insurance, and attorney's fees; accumulated late fees of $913.83; valuation fees of $1,575.00; property inspection fees of $97.40, totaling $207,896.98; less credits of $13,277.65 agreed to by the Bank of Nova Scotia; plus an additional reduction found by the Court of $1,399.34 for a total indebtedness of $193,219.99; and it is further

**ORDERED, ADJUDGED AND DECREED** that such indebtedness shall accrue interest in the amount of $28.19 per diem from February 2, 2015 until the date of entry of this

Judgment, plus interest at the statutory rate of four percent (4.000%) per annum from the date of entry of this Judgment until this Judgment is satisfied; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Bank of Nova Scotia may seek an additional award of subsequent costs and attorney's fees to be determined upon appropriate application filed with the Court at any time prior to entry of an Order confirming the sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of Nova Scotia's Mortgage dated October 27, 2000 and all other liens subsequent or inferior to the Bank of Nova Scotia's Mortgage are hereby **FORECLOSED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendant Diane D. Ross a/k/a Diane J. Ross a/k/a Diane Ross and all persons claiming from or under her shall be forever barred and foreclosed from all rights of redemption and claims to the Property except for statutory redemption rights in accordance with V.I. Code Ann. Tit. 28, § 535; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Property shall be sold by the U.S. Marshal according to law at a judicially supervised sale and that the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to 28 U.S.C. § 1921, and then toward satisfaction of this judgment in favor of the Bank of Nova Scotia, including any additional costs and attorney's fees that may be awarded upon application and any sums that may be paid by the Bank of Nova Scotia for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale, with interest from the date of any such payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that any surplus remaining after the application of the proceeds as provided above, shall be distributed in accordance with 5 V.I.C. § 489; and it is further

**ORDERED, ADJUDGED AND DECREED** that time is of the essence for the payment of all amounts in connection with the Marshal's Sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that at any time before or after the Marshal's Sale, the Bank of Nova Scotia shall be allowed to assign any or all of its rights under this Judgment or any other Order of this Court, in whole or in part, to one or more assignee(s) or nominee(s) without notice or approval of any kind; and Bank of Nova Scotia and its nominee(s) and assignee(s) shall be allowed to credit bid at such sale and shall be allowed to transfer and/or assign any bids; and it is further

**ORDERED, ADJUDGED AND DECREED** that:

1. Pursuant to 5 V.I.C. § 484, notice of the Marshal's Sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Property as set forth above and shall contain the terms and conditions of sale as set forth herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be seized and sold at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, Federal Building, Christiansted, St. Croix, U.S. Virgin Islands, in accordance with 28 U.S.C. §§ 2001 and 2002;

    b. Bank of Nova Scotia and its nominee(s) and assignee(s) may bid a credit against its judgment and interest thereon, plus any costs, fees, and expenses, without tender of cash;

    c. The terms of sale as to all other persons or parties bidding shall be bank check, money order, or other certified funds. The successful bidder shall be required to deposit with the United States Marshal cash equal to ten percent (10%) of the bidder's total bid at or before 5:00 p.m. on the date of sale; and the remaining ninety percent (90%) of said purchase price shall be paid on or before 5:00 p.m. within thirty (30) days, inclusive, of the date of sale;

    d. The successful bidder shall be responsible for the payment of stamp taxes, recording fees, and related charges associated with obtaining and recording a deed to the Property;

    e. The United States Marshal shall make her report of sale within ten (10) days from the date of sale.

    f. If no objections have been filed in writing with the Clerk of Court by 10:00 a.m. within fifteen (15) days, inclusive, from the date of sale, the sale shall be confirmed upon motion of Bank of Nova Scotia or the purchaser.

3. Bank of Nova Scotia shall have any and all writs necessary to execute the terms of this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of Nova Scotia shall be entitled upon proper application to Judgment against Diane D. Ross a/k/a Diane J. Ross a/k/a Diane Ross for any deficiency that may remain after the sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that copies of this Judgment shall be directed to the Parties' counsel of record.

**SO ORDERED.**

Date: June 15, 2015  _____/s/_____
WILMA A. LEWIS
Chief Judge