## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| THE BANK OF NOVA SCOTIA,       ) | |
|           ) | |
|        **Plaintiff,**      ) | |
| **v.**       ) | |
|           ) | **Civil Action No. 2010-0118** |
| **DIANE D. ROSS a/k/a DIANE J. ROSS**   ) | |
| **a/k/a DIANE ROSS and HAROLD HODGE,**  ) | |
|           ) | |
|        **Defendants.**      ) | |

**Attorneys:**
**Johanna Harrington, Esq.,**
St. Thomas, USVI
     *For Plaintiff*

**Bruce P. Bennett, Esq.,**
Brookfield, CT
     *For Defendant Diane Ross*

**Martial Webster, Esq.,**
St. Croix, USVI
     *For Defendant Harold Hodge*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion for Summary Judgment (the "Motion") filed on October 10, 2014 by Defendant Diane D. Ross a/k/a Diane J. Ross a/k/a Diane Ross ("Ross") against Defendant Harold Hodge ("Hodge"). (Dkt. No. 59). The Motion was filed in connection with Ross' Crossclaim against Hodge. Also before the Court is Hodge's Response to Ross' Motion, which included a request for summary judgment in Hodge's favor extinguishing Ross' Crossclaim. (Dkt. No. 60).

It is well settled that the Court has the responsibility to ensure that it has subject matter jurisdiction before addressing the merits of a matter. *In re Orthopedic "Bone Screw" Prods.*

*Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("If a court determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits."). For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over Ross' Crossclaim. Accordingly, the Court will dismiss the Crossclaim for lack of jurisdiction, and will not therefore address the merits of the pending Cross-Motions for Summary Judgment.

## I. PROCEDURAL HISTORY

The procedural history in this case is set forth in detail in the Court's September 26, 2014 Memorandum Opinion granting in part and denying in part Scotiabank's Motion for Summary Judgment on the issue of damages (Dkt. No. 56), as well as in the Court's June 15, 2015 Memorandum Opinion on the issue of damages. (Dkt. No. 73). The Court will repeat here only those facts necessary to place the current Memorandum Opinion in context.

On December 10, 2010, Scotiabank filed a Complaint against Ross alleging breach of contract and foreclosure causes of action. (Dkt. No. 1). Scotiabank also named Hodge as a Defendant because he recorded a $70,000 Judgment against the property at issue—known generally as Plot No. 110 Estate Work & Rest—based on an action by Hodge against Ross in the Superior Court of the Virgin Islands. *Id.* Ross—appearing *pro se* at the time—filed an "Amendment to Answer, Counterclaim, Crossclaim and Class Action." (Dkt. No. 13). The Amended Crossclaim alleged that Hodge "wrongfully recorded a Lis Pendens in the amount of $70,000" on the property, which induced Scotiabank to (1) deny modification of the Mortgage on August 29, 2003 and (2) deny amendment of the Mortgage on November 1, 2005." *Id.* at 4-5, ¶¶ 2-7. Hodge filed an "Answer to the Amended Cross-Claim," interposing a number of affirmative defenses. (Dkt. No. 15).

In August 2011, the Bank sought summary judgment against Ross on its claims, and also sought summary judgment against Hodge on the ground that Scotiabank's lien on the Property had priority over Hodge's lien. (Dkt. No. 24). In a Memorandum Opinion and Order dated October 12, 2012, the Court granted the Bank's Motion for Summary Judgment against Ross on its breach of contract and foreclosure claims, and against Ross on her Counterclaims (which included a slander of title Counterclaim). (Dkt. No. 41, Dkt. No. 42 at 12, 14). The Court also found that the Bank's lien had priority over that of Defendant Hodge. (Dkt. No. 42 at 9, 15).

The Court denied without prejudice the Bank's Motion for Summary Judgment on the issue of damages and ordered Scotiabank to file submissions addressing the amount of damages with more particularity. *Id.* at 16. After numerous rounds of briefing, the Court granted Scotiabank damages against Ross in a Judgment and Order dated June 15, 2015. (Dkt. Nos. 73, 74).

Meanwhile, in October 2014, Ross filed the instant Motion for Summary Judgment against Defendant Hodge on her Amended Crossclaim. (Dkt. No. 59). In her Motion, Ross asserts that "there is no genuine issue of material fact as to Hodge's recording of two (2) Lis Pendens that slandered her title to Plot No. 110 Estate Work & Rest" and therefore she is entitled to judgment as a matter of law. *Id.* at 1. Ross refers to a "long and tortured history" between herself and Hodge that apparently commenced with the February 1998 purchase of a property in Estate Mount Welcome on St. Croix which was later sold. *Id.* at 1-2. The Motion further provides that, in January 2003, Hodge filed a lawsuit in Superior Court against Ross and Isaac Bracy claiming that Hodge was entitled to proceeds from the sale of the Estate Mount Welcome property. Hodge recorded a Lis Pendens on the Estate Work & Rest property on November 22, 2002, which referred to a $70,000 debt Ross owed Hodge, and a second Lis Pendens on that

property on April 28, 2003 which made reference to pending litigation. *Id.* at 2. Ross claims that the two Lis Pendens prevented her from closing a loan modification on the Work & Rest property, and from executing two contracts for sale of the property. *Id.* at 3.

Ross refers to the Superior Court litigation proceeding to trial in February 2010, resulting in the court rejecting a constructive trust claimed by Hodge, but imposing an equitable lien on the Estate Work & Rest property. According to Ross, the Supreme Court of the Virgin Islands reversed the imposition of the equitable lien. *Id.* at 3-5.

Ross then argues that the Restatement (Second) of Contracts provides the five elements that must be met to succeed on a slander of title cause of action. She maintains that all of those elements are satisfied in this case, and that she is entitled "to judgment as a matter of law on her claim against Hodge for slander of title." *Id.* at 6-7.

In October 2014, Hodge filed an Opposition to Ross' Motion in which he characterized the facts Ross included in her Statement of Uncontested Material Facts as "irrelevant." (Dkt. No. 60 at 1). His statement of uncontested facts provides, *inter alia*, that Ross lost her "slander of title" claim against Hodge in Superior Court and was thus seeking to raise that claim in this case. *Id.* at 1-2. Hodge argues that Ross' Crossclaim is barred by res judicata—since Ross' slander of title claim was asserted and litigated in Superior Court and is therefore precluded in this Court. He also asserts that Ross' claim is barred by the statute of limitations, as the recordation of the two lis pendens occurred in 2002 and 2003; an action for slander of title must be commenced within two years pursuant to 5 V.I.C. § 31(5)(A); and the cause of action was raised in this case in 2011. *Id.* at 2-4. Hodge also requests that summary judgment be granted in his favor dismissing Ross' claim. *Id.* at 4.

Ross, through her attorney, filed a Reply in December, 2014, contending that Hodge did not demonstrate how res judicata applied. Ross further argued that, even using the 5 V.I.C. § 31(5)(A) limitations period, Hodge's "continued failure to withdraw the lis pendens despite continued demands by Ross constitutes a continuing tort." (Dkt. No. 66)

## II.   DISCUSSION

Federal Rule of Civil Procedure 13(g) governs "Crossclaim[s] Against a Coparty." It provides, in pertinent part:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.

Fed. R. Civ. P. 13(g). Since "the same verbal formulation also serves as the basis for defining compulsory counterclaims under Rule 13(a), most courts have held that the standards developed for dealing with compulsory counterclaims also applies to crossclaims under Rule 13(g)." Charles Alan Wright, Arthur R. Miller, et al, 6 *Fed. Prac. & Proc.* Civ. § 1432 (3d ed.) ("Wright & Miller § 1432"). This test is known as the "logical relationship" test, where the inquiry is whether the counterclaim or crossclaim "'bears a logical relationship to an opposing party's claim.'" *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 121 (3d Cir. 2014) (quoting *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002)). In the Third Circuit, the logical relationship test is satisfied "'where separate trials on each of the[ ] respective claims would involve a substantial duplication of effort and time by the parties and the courts.'" *Id.* (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir. 1961)). "A 'substantial duplication of effort' is, in turn likely to occur when claims involve (1) the same factual issues, (2) the same factual and legal issues, or (3) are offshoots of the same basic controversy between the parties." *Watkins v. Synchrony Bank*, 2015 WL 5178134, at *3

(M.D. Pa. Sept. 4, 2015) (citing *Transamerica*, 292 F.3d at 390); *see also Int'l Union of Painters & Allied Trades Dist. Council 711 v. Petric & Assocs., Inc.*, 2015 WL 273653, at *3 (D.N.J. Jan. 22, 2015) (applying "logical relationship" test to crossclaims).

The Court finds that, although there is an attenuated relationship between the Bank's lawsuit and Ross' Crossclaim, there is "no meaningful overlap between the facts and law underlying the different claims at issue." *Ridley Sch. Dist.*, 744 F.3d at 121. The facts underlying the Crossclaim involve the circumstances surrounding the two lis pendens placed on the Work & Rest property by Hodge in 2002 and 2003—years before Scotiabank filed its action for breach of contract and foreclosure. Ross asserted in the Superior Court action—just as she asserts in her Crossclaim—that the two lis pendens constituted a "slander of title" on the Estate Work & Rest property. (Dkt. No. 60-1 at 3). According to Ross, to demonstrate slander of title, she has to show, for example, that the lis pendens were false, special harm, and Hodge's "intent, malice or fault to cause harm." (Dkt. No. 59 at 6).

On the other hand, Scotiabank's breach of contract and foreclosure claims arose prior to the filing of the Complaint in December 2010 when Ross defaulted on the Note and Mortgage, and are based solely on the terms of those documents and the fact of Ross' default in payment. Hodge was named as a Defendant in the Scotiabank foreclosure action only with regard to the issue concerning the priority of liens on the property. The Court's holding in that regard was limited to the finding that Scotiabank's lien was recorded prior to the lis pendens recorded by Hodge. *See* Dkt. No. 42 at 9. The origin of Hodge's lien, its validity, and whether it represented a slander of title on the property, were not at issue. The Bank's Motion for Summary Judgment was resolved without any need to explore the factual or legal bases underlying the lis pendens on the property. Thus, Ross' Crossclaim was not an offshoot of the "same basic controversy"

between the Bank and Ross. It had no relationship to that controversy at all—except for the fact that the Crossclaim involved the same property.

While Rule 13(g) provides that a crossclaim is logically related to the main action if the crossclaim "relates to any property that is the subject matter of the original action," that language does not suffice to make Ross' Crossclaim logically related to the original action. The Advisory Committee's Note to the 1946 amendments to Rule 13(g)

> explicitly states that the purpose of the property clause is to take care of 'a situation such as where a second mortgagee is made defendant in a foreclosure proceeding and wishes to file a cross-complaint against the mortgagor in order to secure a personal judgment for the indebtedness and foreclose his lien.' Clearly, a claim of this sort is as closely related to the main action as one that arises out of the same transaction or occurrence that is the subject matter of the original action.

Wright & Miller § 1432 (quoting Fed. R. Civ. P. 13(g) advisory committee's note, 1946 amendment). That is not the case here.

Few cases interpret the property clause in the context of foreclosure. In *Lenske v. Knutsen,* 410 F.2d 583 (9th Cir. 1969), the United States brought an action to foreclose a mortgage. The Ninth Circuit held that the mortgagor-defendant could crossclaim for fraud against a coparty who had been joined in the action as one claiming an interest in the property. The court wrote: "In asserting fraud[,] Knutsen . . .  sought to be established as owner of the property subject to the rights of the Government as mortgagee and to be entitled to any surplus from judicial sale. In this respect his claim related to the property that was the subject of the Government suit, and it was properly the subject of a cross-claim under Rule 13(g)." *Id.* at 585-86. In *Lenske*, the relationship between the main claim and the crossclaim was clear, as the issue of the ownership of the property and the proceeds of the judicial sale were central to both. *Cf. Ionian Corp. v. Country Mut. Ins. Corp.,* 2015 WL 4464138, at *3 (D. Ore. July 21, 2015) (stating that the "property" that was the subject of the original action was the insurance proceeds

deposited with the court, and that "[g]iven the limited jurisdiction under Rule 13(g), only the crossclaims involving entitlement to any part of the insurance proceeds were properly before this Court.").

Here, however, other than the fact that the Bank's lawsuit and Ross' Crossclaim generally involve the same property, there is no other relation between the claims and the factual basis underlying the claims. Accordingly, the Court finds that Ross' Crossclaim does not bear a "logical relationship" to the Bank's claims for purposes of Rule 13(g).

This finding bears on the question of the Court's jurisdiction over Ross' Crossclaim. Federal courts have the "'obligation to address a question of subject matter jurisdiction *sua sponte*.'" *Generational Equity LLC v. Schomaker*, 602 F. App'x 560, 561 (3d Cir. 2015) (quoting *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546 (2005)). The Federal Practice & Procedure treatise sets out the general rule regarding a court's jurisdiction over crossclaims: "It generally has been held that crossclaims under Rule 13(g) fall within the ancillary jurisdiction of the court and need not present independent grounds of federal jurisdiction." Charles Alan Wright, Arthur R. Miller, et al, 6 *Fed. Prac. & Proc.* Civ. § 1433 (3d ed.) ("Wright & Miller § 1433").[1] Wright & Miller further explain that the reason for using the ancillary jurisdiction concept is "obvious" since, once a court determines that

> complete justice between the parties with respect to the original action requires the adjudication of a crossclaim, then it is quite logical to take the additional step and hold that jurisdiction to entertain the complaint includes the power to consider the crossclaim, even though jurisdiction would not exist if the crossclaim were brought as an independent action.

---

[1] Congress codified the principles of pendent and ancillary jurisdiction in the supplemental jurisdiction statute, "which combines the doctrines of pendent and ancillary jurisdiction under a common heading. 28 U.S.C. § 1367." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

*Id.* Consequently, the rule on a district court's jurisdiction over a crossclaim is that, if the crossclaim "'arise[s] out of the transaction or occurrence that is the subject matter' of the main claim, [it is] supported for federal court jurisdictional purposes by federal court jurisdiction of the main claim." *Id.* (quoting Rule 13(g)). The converse to that rule is that "claims that are wholly independent of the main transaction not only fail to meet the test for crossclaims set forth in subdivision [Rule 13](g), but also present no basis on which the court can invoke supplemental jurisdiction." *Id. See Ionian Corp.,* 2015 WL 4464138, at *8 (dismissing crossclaims that did not involve same property for lack of subject matter jurisdiction); *John Hancock Life Ins. Co. v. Schmahl*, 2014 WL 3887182, at *5-9 (M.D. Fla. Aug. 6, 2014) (same); *Aetna Ins. Co. v. Pa. Mfrs. Ass'n Ins. Co.,* 456 F. Supp. 627, 635 (E.D. Pa. 1978) (finding that crossclaim did not arise out of transaction or occurrence that was subject matter of main action; did not meet the test for crossclaims set forth in Rule 13(g); and that there was "no basis on which this Court can invoke ancillary jurisdiction over such claim.").

Here, Ross' claim for compensatory and punitive damages for alleged slander of title by Hodge does not bear the kind of connection to Scotiabank's breach of contract and foreclosure action so as to bring it within the scope of an action arising out of the same transaction or occurrence as the main action, as contemplated by the Advisory Committee's Note to Rule 13(g), *supra*. Accordingly, the Court has no basis for subject matter jurisdiction over Ross' Crossclaim. It will therefore dismiss the Crossclaim for lack of subject matter jurisdiction.

Even if the Court were to find that it could exercise supplemental jurisdiction over Ross' Crossclaim, it would decline to do so. Since crossclaims are not compulsory, a court retains discretionary power over whether to exercise jurisdiction over them in any particular action. *See Peter Bay Homeowner's Ass'n, Inc. v. Stillman*, 294 F.3d 524, 534 (3d Cir. 2002) ("Once it is

determined that a court *could have* exercised supplemental jurisdiction over [a] matter[ ], its decision to exercise supplemental jurisdiction is subject to the court's discretion."); Charles Alan Wright, Arthur R. Miller, et al, 6 *Fed. Prac. & Proc.* Civ. § 1431 (3d ed.) ("The decision whether to allow a crossclaim that meets the test of subdivision (g) is a matter of judicial discretion."); Wright & Miller § 1433 ("[A]s is true for other claims involving supplemental jurisdiction, the assertion of jurisdiction is discretionary and the court may determine that although the crossclaim meets the transaction standard, jurisdiction should not be exercised.").

The Crossclaim asserted here for slander of title involves a local cause of action that apparently was the subject of litigation in the Superior and Supreme Courts of the Virgin Islands. In fact, the Supreme Court in *Ross v. Hodge*, 2013 WL 942746 (V.I. Mar. 7, 2013) noted that "Ross also counterclaimed alleging slander of title. However, the jury found that Hodge did not slander Ross' title to No. 110 Work and Rest, and Ross did not appeal that decision. Accordingly, that claim is not before this Court." *Id.* at *1 n.2. The Supreme Court also reversed the Superior Court's imposition of an equitable lien, in favor of Hodge, on No. 110 Work and Rest, and remanded the matter to the Superior Court for further proceedings. *Id.* at *10.

Ross' slander of title Crossclaim asserted in this Court has a clear link to the *Ross v. Hodge* case heard in the local courts. Any claim Ross has for damages for slander of title should be addressed in the local courts, not this Court. As a result, even if the Court could exercise supplemental jurisdiction over Ross' Crossclaim, it would decline to do so. *See, e.g., Peter Bay Homeowner's Ass'n, Inc.*, 294 F.3d at 534.

### III.    CONCLUSION

For the reasons set forth above, the Court finds that it lacks jurisdiction or, alternatively, will not exercise jurisdiction, over Ross' Crossclaim. As a result, the Court will dismiss the Crossclaim for lack of jurisdiction.

An appropriate Order accompanies this Memorandum Opinion.

Date: December 15, 2015                                  _____/s/_____
                                                         WILMA A. LEWIS
                                                         Chief Judge