DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| THE BANK OF NOVA SCOTIA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 2010-0118 |
| DIANE D. ROSS a/k/a DIANE J. ROSS ) | |
| a/k/a DIANE ROSS and HAROLD HODGE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
**Claire E. Tagini, Esq.,**
Miami, FL
    *For Plaintiff*

**Diane D. Ross,** *Pro Se*
St. Croix, U.S.V.I.

**Martial Webster, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Harold Hodge*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion to Vacate, Alter or Amend June 15, 2015 Judgment" filed on June 29, 2015 by Defendant Diane D. Ross a/k/a Diane J. Ross a/k/a Diane Ross ("Ross") in this breach of contract and foreclosure action. (Dkt. No. 77). In the instant Motion, filed pursuant to Federal Rules of Civil Procedure 52, 59, and 60, Ross seeks: (1) vacatur of the October 12, 2012 Memorandum Opinion and Order granting summary judgment on the breach of contract and foreclosure causes of action in favor of Plaintiff Bank of Nova Scotia (the "Bank" or "Scotiabank"); (2) reconsideration or amendment of the June 15, 2015 Judgment and Order that awarded the Bank $193,219.99 in damages; and (3) a stay of execution

of the Judgment until the instant Motion is resolved. *Id.* On July 8, 2015, Scotiabank filed a "Response in Opposition to Motion to Vacate, Alter or Amend June 15, 2015 Judgment" (Dkt. No. 78), and Ross filed a Reply on July 22, 2015. (Dkt. No. 79). The case was subsequently placed on the Suspense Docket as a result of Ross declaring bankruptcy. (Dkt. No. 92). The bankruptcy proceedings have concluded, and the instant Motion is now ready for disposition. For the reasons that follow, the Court will deny Ross' "Motion to Vacate, Alter or Amend June 15, 2015 Judgment."

## I. PROCEDURAL HISTORY

This case, originally filed in December 2010, has a long procedural history that has been set forth in previous Memorandum Opinions. *See* October 12, 2012 Memorandum Opinion granting in part and denying in part Scotiabank's Motion for Summary Judgment (Dkt. No. 42); September 26, 2014 Memorandum Opinion granting in part and denying in part Scotiabank's Motion for Summary Judgment on the issue of damages (Dkt. No. 56); and June 15, 2015 Memorandum Opinion on issue of damages (Dkt. No. 73). The Court will repeat here only those facts necessary to place Ross' current Motion to Vacate in context.

On December 10, 2010, Scotiabank filed a Complaint against Ross alleging breach of contract and foreclosure causes of action. (Dkt. No. 1).[1] The Complaint alleged that, on October 27, 2000, Defendant Ross executed a Promissory Note in the amount of $126,400.00, at an interest rate of 9.25% *per annum*, with the indebtedness secured by a Mortgage executed the same day, regarding property (the "Property") located in Estate Work and Rest, St. Croix, U.S. Virgin Islands. (Dkt. No. 1, ¶¶ 5, 7; Dkt. No. 26-1). The Bank sought a judgment of debt and

---

[1] Scotiabank also named Harold Hodge as a Defendant, and sought summary judgment against him on the ground that Scotiabank's lien on the Property had priority over Hodge's lien. The Court granted summary judgment to Scotiabank on this claim. (Dkt. No. 41; Dkt. No. 42 at 9).

foreclosure, interest, costs and attorney's fees due to Ross' alleged default. (Dkt. No. 1, ¶¶ 8-10). After Ross, appearing *pro se*, filed an "Amendment to Answer, Counterclaim, Crossclaim and Class Action" in March 2011 (Dkt. No. 13), the Bank filed a Motion for Summary Judgment on its breach of contract and foreclosure claims against Ross (Dkt. No. 24), and Ross opposed the motion. (Dkt. No. 31). Ross argued that the Bank failed to disclose the terms of the mortgage, including that it was a five-year adjustable rate mortgage with a balloon payment, and the Bank did not provide her with a handbook. (*Id.*)

In a Memorandum Opinion and Order dated October 12, 2012, the Court granted the Bank's Motion for Summary Judgment on its breach of contract and foreclosure causes of action. (Dkt. No. 41, Dkt. No. 42 at 12). The Court found that the Bank provided evidence to support all of its causes of action, and rejected Ross' arguments that the Bank failed to disclose the terms of the mortgage. The Court noted that, even if it were to assume the truth of Ross' claims, when evaluated against the governing Real Estate Settlement Procedures Act ("RESPA") regulations, Ross failed to explain how those claims would create a genuine issue of material fact on the two causes of action. The Court also found that Scotiabank had demonstrated its entitlement to summary judgment on Defendant Ross' Counterclaim. (Dkt. No. 42 at 9, 15). The Court denied, without prejudice, the Bank's Motion for Summary Judgment on the issue of damages, ordering the Bank to file submissions addressing its amount of damages with more specificity. (*Id.* at 16).

On October 31, 2012, Scotiabank filed a "Notice of Clarification" in which it responded to the Court's Order regarding further briefing on damages. (Dkt. No. 44). Defendant Ross did not file a response to the Bank's Notice. In February 2014, Scotiabank filed a Motion for Ruling on Damages. (Dkt. No. 46). On March 6, 2014, Ross filed a Motion to Stay Scotiabank's Motion. (Dkt. No. 47). In an Order dated May 2, 2014, the Court granted in part and denied in

part Defendant Ross's Motion to Stay, and granted her, *inter alia*, additional time to address the Bank's Notice of Clarification and Motion for Ruling on Damages. (Dkt. No. 48).

On May 23, 2014, Ross filed a Response to the Bank's Notice of Clarification and Motion for Ruling on Damages, and requested reconsideration of the October 2012 Order granting summary judgment in favor of the Bank on its breach of contract and foreclosure claims, and Ross' Counterclaim. (Dkt. No. 50). In a September 26, 2014 Memorandum Opinion, the Court denied Defendant Ross' request for reconsideration of the Court's October 12, 2012 Order. (Dkt. No. 56). The Court found, however, that Scotiabank had again failed to provide sufficient background and explanatory information to permit the Court to assess the Bank's claim for damages and denied, without prejudice, the Motion for Summary Judgment on damages. (*Id.*). The Court then set an evidentiary hearing on the issue of damages for November 5, 2014. (Dkt. No. 58).

At the hearing, Attorney Bruce Bennett appeared on behalf of Ross. *See* Dkt. No. 61. The Court engaged in a colloquy with the parties regarding Ross' proposal—agreed to by the Bank—for the Bank to provide Ross with documents detailing the damages it was seeking in this case, after which the parties would confer to determine whether they were in agreement on any of the amounts sought. (Dkt. No. 63). Later on the day of the hearing, the Court entered an Order which provided that: (1) the parties would submit a joint filing in which they would set forth the specific items of damages on which agreement had been reached, and the specific items on which there was disagreement; (2) if there was disagreement on a specific item, the Bank would file a submission discussing, with particularity, the nature of those damages, how the damages were calculated, and provide supporting evidence; and (3) Ross "shall file a response to the

4

Bank's submission . . . setting forth the reasons for her disagreement, and any documentation that supports her position." (*Id.*)

On March 9, 2015, the parties filed their Joint Submission. (Dkt. No. 69). The Joint Submission was divided into two parts: objections raised by Ross which challenged certain items set forth on Scotiabank's loan history and other documents; and a response to those objections by the Bank. Ross set forth her arguments in twelve numbered paragraphs, and the Bank answered those questions in corresponding numbered paragraphs. (*Id.*) As provided in the Court's November 5, 2014 Order, the Bank filed a Response to the Joint Submission on March 20, 2015 in further support of its request for damages. (Dkt. No. 70). Defendant Ross did not avail herself of the opportunity, provided in the Court's Order, to respond to the Bank's March 20, 2015 submission.

The Court issued an Order on April 24, 2015 directing the Bank to further explain its responses to certain of Defendant Ross' objections set forth in the Joint Submission. (Dkt. No. 71). The Bank filed an Affidavit of Adonis Morton, Manager of Real Estate Owned Asset Disposal at Scotiabank, and other documents, on May 15, 2015 in response to the Court Order. (Dkt. No. 72-1).

In a Memorandum Opinion dated June 15, 2015, the Court analyzed each of Ross' twelve specific objections to the Bank's request for damages, the Bank's responses to those objections, and the Bank's explanations for its charges. (Dkt. No. 73). Based on that analysis, the Court found that the amount of damages due the Bank from Ross on its breach of contract and foreclosure causes of action was $193,219.99, which included $12,426.79 in attorney's fees and costs through March 30, 2012 that had been previously awarded by the Court. (*Id.*) The Court issued a corresponding Judgment and Order on June 15, 2015. (Dkt. No. 74).

On June 29, 2015, Ross filed the instant "Motion to Vacate, Alter or Amend June 15, 2015 Judgment" to which she attached four exhibits: an IRS Form 1098; loan statements for March and April 2014; and a December 2011 appraisal of the Property. (Dkt. Nos. 77, 77-1, 77-2, 77-3). The Motion seeks three different forms of relief: vacatur of the October 12, 2012 Order granting summary judgment to the Bank; reconsideration of the Court's June 15, 2015 Judgment and Order assessing damages in this case; and a stay of execution of the June 2015 Judgment pending disposition of the instant Motion.

In October 2015, Attorney Bennett filed a Motion to Withdraw as Attorney (Dkt. No. 80), which the Court denied without prejudice. (Dkt. No. 85).

On January 9, 2016, Ross filed a Notice of Chapter 7 Bankruptcy. (Dkt. No. 89). On the same day, Attorney Bennett filed a second Motion to Withdraw (Dkt. No. 90), which the Court granted on January 11, 2016. (Dkt. No. 91).

Due to the bankruptcy filing, the Court entered an Order placing the case on the Suspense Docket on January 25, 2016. (Dkt. No. 92). On November 10, 2016, Scotiabank filed a Notice of Bankruptcy Discharge (Dkt. No. 95). The case has been removed from the Civil Suspense Docket (Dkt. No. 112) and the Motion to Vacate is thus ready for disposition.

## II. DISCUSSION

In her Motion to Vacate, which was filed by her then attorney, Ross has generally moved for relief under Rules 52, 59, and 60. In the body of her Motion, she does not cite these rules or the standards required to grant relief under these rules, for her requests to vacate the October 12, 2012 Memorandum Opinion and Order or to reconsider the June 15, 2015 Judgment and Order. She specifically cites a supporting Rule—Rule 60(b)—only in connection with her request for a stay.

6

The Court will address Ross' three requests for relief below.

**A. Vacatur of the October 12, 2012 Order Granting Summary Judgment**

In its October 2012 Memorandum Opinion, the Court found that Ross defaulted under the terms of the Promissory Note and Mortgage by failing to make payments that were due, and that the Bank was entitled to damages as a result. (Dkt. No. 42 at 8-9). The Court also found that Ross' arguments—that the Bank failed to disclose that the Mortgage was a five-year adjustable rate mortgage with a balloon payment and the Bank did not provide a handbook—did not raise a genuine issue of material fact under the governing RESPA regulations regarding her liability to the Bank on its debt and foreclosure causes of action. (*Id*. at 11-12).

Ross seeks to vacate the October 12, 2012 Order granting summary judgment to the Bank on the breach of contract and foreclosure causes of action. Ross notes that the October 2012 Memorandum Opinion indicated a maturity date of the mortgage loan as November 1, 2005 while the Bank "subsequently notified Ross that the maturity date is July 2031" as indicated on a copy of a March 2014 Loan Statement which she attached to her Motion. (Dkt. Nos. 77 at 2; 77-2). In addition, Ross notes that the March 2014 Loan Statement reflected an amount due on the loan totaling $47,849.81, while one month later, the stated amount due was $80,325.15. (Dkt. No. 77-2). Ross asserts that these documents indicate "serious questions concerning the administration of this mortgage loan by the Bank," which "calls into question all of the conclusions by the Court." (Dkt. No. 77 at 2). She adds that the October 2012 Memorandum Opinion was "additionally premised upon Defendant's apparent failure to remove encumbrances against the property prior to maturity"—*i.e.*, certain decrees issued by the Superior Court of the Virgin Islands that, Ross asserts, "have since been reversed." (*Id.* at 3). Ross concludes that, "[i]n

7

accordance with the foregoing, Defendant submits there are genuine issues of material fact that preclude summary judgment." (*Id.*)

Significantly, Ross provides no authority for her late request—over two and one-half years after the entry of the October 2012 Memorandum Opinion and Order granting summary judgment, and nine months after the denial of her request for reconsideration of that same Memorandum Opinion and Order—for the Court to vacate the October 2012 Order.

As indicated above, in the body of her Motion to Vacate, Ross did not specifically cite to any of the three Federal Rules she referenced in the introductory paragraph of her Motion (Rules 52, 59, 60) as the basis upon which she seeks to vacate the October 2012 Memorandum and Order. Because both a Rule 52(b) and a Rule 59(e) Motion "must be filed no later than 28 days after entry of judgment," those rules are clearly inapplicable here. Fed. R. Civ. P. 52(b), 59(e).

Thus, the only possible ground under which Ross could seek relief from the October 2012 Order would be pursuant to Fed. R. Civ. P. 60(b). That rule provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c), in turn, provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Because

8

the Motion to Vacate was filed over two and one-half years after the order at issue, grounds (1), (2), and (3) are not available for Ross to seek relief.

Nor is Rule 60(b)(4) an available basis for relief. Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* (quoting *Nemaizer v. Baker,* 793 F.2d 58, 65 (2d Cir. 1986) and citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661-62 (1st Cir. 1990) ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void.") (brackets and internal quotation marks omitted)). Ross has not argued that the October 2012 judgment was void—nor could she in view of the absence of any credible jurisdictional or due process argument. Accordingly, Rule 60(b)(4) does not apply here.

Ross contends that the October 2012 Memorandum Opinion was "additionally premised upon Defendant's apparent failure to remove encumbrances against the property prior to maturity"; that the decrees embodying those encumbrances have been reversed by the Supreme Court of the Virgin Islands; and "there remains a genuine question as to whether the subject property is actually legitimately encumbered." (Dkt. No. 77 at 3).

To the extent that this contention raises an argument under Rule 60(b)(5), it is misguided. Even assuming that Ross' over two and one-half year delay in filing her Motion constitutes a "reasonable time" for filing under Fed. R. Civ. P. 60(c), the October 2012 Memorandum Opinion

9

was not "premised" on a failure to remove encumbrances against the Property. The only relevance the alleged encumbrances had was to bring Harold Hodge before the Court as an alleged lienholder and to require the Court to determine the priority of liens on the Property as between the Defendant Bank and Defendant Harold Hodge.[2] Ross does not explain how the October 2012 ruling against her was premised on a failure to remove encumbrances, or how the alleged removal of those encumbrances by subsequent decrees of the Supreme Court of the Virgin Islands would provide a basis under Rule 60(b)(5) for vacating the October 2012 ruling. Any argument concerning whether the Property was "legitimately encumbered," as Ross now asserts in her Motion to Vacate (Dkt. No. 77 at 3), can provide no basis for vacating the October 2012 Order which did not address that question.

The catch-all provision of Rule 60(b)(6) is therefore the only provision remaining under Rule 60(b) through which Ross could seek relief. Rule 60(b)(6) "is often used to relieve parties from the effect of a default judgment mistakenly entered against them," and "also preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). "In order to grant relief under Rule 60(b)(6), a party's failure to act must be excused by an extraordinary situation—more than mere neglect, inadvertence, indifference, or careless disregard of circumstances." *Ethan Michael Inc. v Union Twp.*, 392 F. App'x 906, 910 (3d Cir. 2010) (citing *Ackermann v. United States*, 340

---

[2] Defendant Harold Hodge had recorded a *lis pendens* against the property in 2002 and 2003 regarding an action in the Superior Court of the Virgin Islands. (Dkt. No. 42 at 5). It appears that Hodge was named as a Defendant in this action only because he allegedly held a junior lien on the Property. (*Id.* at 2, n.1). In its October 2012 ruling, the Court found that the Bank's lien against the Property was recorded prior to the alleged $70,000 lien of Defendant Harold Hodge, and therefore the Bank's lien had priority over that of Hodge pursuant to 28 V.I.C. § 124. (Dkt. No. 42 at 9). The October 12, 2012 Order did not grant Hodge any rights against Ross. (Dkt. No. 41).

U.S. 193, 199 (1950)). A decision to exercise discretion under Rule 60(b)(6) is guided by various equitable factors, including:

> "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; . . . [5] whether there are any intervening equities which make it inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under attack."

*Sec'y of Labor v. Kaposy*, 607 F. App'x 230, 231 (3d Cir. 2015) (quoting *Lasky v. Cont'l Prods. Corp.*, 804 F. 2d 250, 256 (3d Cir. 1986)).

Ross—represented by counsel on the Motion to Vacate—has argued only that documents issued in 2014 (a tax document and Scotiabank March 2014 and April 2014 loan statements), raise "serious questions concerning the administration of this mortgage loan by the bank" because they show different amounts for the balance due on the loan and indicate a different maturity date for the mortgage than noted in the October 2012 Memorandum. (Dkt. No. 77 at 2). She cites *Anthony v. Firstbank Virgin Islands*, 2013 WL 211707, at *5-6 (V.I. Jan. 17, 2013), in support. In *Anthony*, the Virgin Islands Supreme Court reversed a summary judgment of foreclosure, finding that the trial court had improperly weighed the evidence at the summary judgment stage, failed to view the evidence in the light most favorable to the non-movant, who had asserted that the debt was discharged, and thus failed to conclude that a material issue of fact existed on the question of default. In that case, the defendant presented a tax document showing that the balance due on defendant's account was zero, which conflicted with the evidence produced by the bank.

Ross asserts that she "similarly" presented a tax document prepared by the Bank. Significantly, however, Ross does not contend that the debt was discharged and the tax document

11

does not show the debt as zero. Moreover, the 2014 documents she attached to her Motion to Vacate were not before the Court, and could not have been, in 2012 when it issued its Order, and cannot be used to retroactively raise a genuine issue of material fact to challenge the Court's summary judgment finding two years after the summary judgment decision was made. Those facts are simply not relevant to the Order under attack here so as to prompt vacatur and do not begin to approach the kind of extraordinary circumstances required for relief under Rule 60(b)(6).

Finally, Ross has offered no argument concerning the applicability of the six equitable factors the Court should consider in response to a Rule 60(b)(6) motion. She has therefore failed to carry her burden of establishing that she is entitled to relief under Rule 60(b)(6).

The Court finds that Ross has not made any showing that would justify vacatur of this Court's October 12, 2012 Memorandum Opinion and Order under Rule 60(b)(6). In view of the foregoing, the Court will deny Ross' Motion to Vacate, premised on Rule 60(b).

**B. Reconsideration of the Court's June 15, 2015 Memorandum Opinion and Order**

Next, Ross challenges the Court's June 15, 2015 Judgment and Order that determined the amount of damages she owes in this case. She claims that two statements she made in the Joint Submission—that the disputed transactions "distort[] the entire accounting" and "impact[] the entire accounting going forward"—support her current contention that the Court erred when assessing damages. (Dkt. No. 77 at 4). Ross argues that "while the Court applied reductions in their respective amounts[,] there is no corresponding adjustment to the interest that was charged at 9.25% over many years on the amounts that the Court only recently excised." (*Id.*) She adds that "[t]he assessment of interest is a significant issue that is not addressed in the Court's June 15, 2015 Memorandum Opinion." (*Id.* at 5). Ross cites six examples from the Joint Submission

where the Bank gave her a credit that reduced the total amount due, but did not give her a concomitant credit for the interest assessed on those amounts that accrued over the years. (*Id.* at 4-5). She asserts that the Bank has not explained why it did not reduce the interest corresponding to the reduction in the total amount due, and that until the Bank offered such evidence, the "total award of damages will remain in error." (*Id.* at 5).

In its Opposition, the Bank points out that while it originally sought interest on both the principal and add-on charges—amounts it calculated separately—it was no longer seeking interest on the add-on charges (sums the Bank advanced for such items as forced place insurance or legal fees). (Dkt. No. 78 at 5). As a result, "any interest previously calculated on the 'add on' charges was removed in the final amount of damages sought by the Bank." (*Id.*) The Bank notes that it previously stated in the Joint Submission that it would not be seeking interest on the Add-On charges. (Dkt. No. 69 at 8).

In her Reply, Ross reasserts her claim that the Bank has not offered "competent evidence" to support the interest component of the Judgment awarded by the Court, and that it is the "Bank's burden. . . to properly support its damages and it has not done so[.]" (Dkt. No. 79).

As noted above, Ross did not specifically cite to any of the three Federal Rules referenced in her Memorandum as the ground upon which she seeks to vacate the June 15, 2015 Judgment and Order. She simply argues the merits of her claim. Based on the title and context of the Motion, and the fact that it was filed on June 29, 2015—within twenty-eight days of the June 15, 2015 Judgment and Order—the Court construes Ross' request for relief as a Motion to Alter or Amend the Judgment pursuant to Rule 59(e).

A Rule 59(e) Motion "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law

or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Such motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)); *see also* LRCi 7.3. Reconsideration "is an extraordinary remedy and should be granted sparingly." *Boldrini v. Wilson*, 2013 WL 619774, at *1 (M.D. Pa. Feb. 19, 2013) (citing *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)).

Ross' Motion to Vacate could not be based on "the availability of new evidence" because the three exhibits she attached to her motion—the IRS Form 1098 for 2014, the March and April 2014 loan statements, and the December 2011 appraisal—were generated prior to the Court's June 2015 adjudication of the damages issue. In fact, Ross mentioned the Form 1098 in the Joint Submission. (Dkt. No. 69 at 5). Thus, any argument concerning damages that she seeks to make—related to these documents—could have been made before the Court resolved the damages issue. *See Heath v. Sup't Frackville SCI,* 582 F. App'x 82, 85 (3d Cir. 2014) (observing that Rule 59(e) motions may not be used to relitigate old matters or to present evidence that could have been presented earlier). In addition, Ross does not argue that there was an intervening change in controlling law between the issuance of the Court's June 15, 2015 Judgment and Order and June 29, 2015—the date she filed the instant Motion.

The only possible ground for relief is the third reconsideration factor—manifest injustice. In order to succeed on this ground, Ross would have to show that "the Court *overlooked* some dispositive factual or legal matter *that was presented to it*.'" *Greene*, 2012 WL 4755061, at *2

(quoting *In re Rose,* 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007) (emphasis added)); *see also Pollock v. Energy Corp. of Am.,* 665 F. App'x 212, 218 (3d Cir. 2016) (describing successful Rule 59(e) motion as requiring new law, evidence or argument that, because overlooked, reveals a "clear error of law" or potential for "manifest injustice."); *Hernandez v. United States*, 608 F. App'x 105, 108 (3d Cir. 2015) (describing "traditional bases" for reconsideration under Rule 59(e) as "essentially errors of fact and law resulting in manifest injustice.").

In her Motion to Vacate, Ross attempts to extrapolate from the very broad and general statements she made in the Joint Submission—that certain disputed transactions "distort[] the entire accounting" and "impact[ ] the entire accounting going forward" (Dkt. No. 77 at 4)—to encompass her current argument that, while the Court reduced the damages figure sought by the Bank by $14,676.99, there was no corresponding adjustment to the interest charged on those amounts dating from the point that each of those specific charges was assessed. However, Ross did not make that argument prior to the adjudication of the damages issue, despite having the opportunity to do so. Moreover, the two general phrases that she has extracted from the Joint Submission to support her current argument were made in a different context. In both instances, Ross was disputing the Bank's alleged improper application of certain payments to interest rather than principal. Her other primary argument in the Joint Submission concerned insufficient explanations in the loan history for particular transactions. Because Ross never presented her current argument to the Court, the Court could not have "overlooked" a matter "presented to it," *Greene,* 2012 WL 4755061, at *2, and therefore there is no ground for Rule 59(e) relief based on "manifest injustice."

As indicated above, the Court's November 5, 2014 Order set forth how the parties should narrow and attempt to finally resolve the longstanding damages issue, with any unresolved issues brought to the Court for resolution. The Order provided ample opportunity for each party to make their arguments and provide support for their respective positions before the Court adjudicated the issue. In the Joint Submission, Ross raised her objections to the Bank's accounting, which the Bank twice addressed in that document. In so doing, the Bank agreed to credit Ross over $13,000.00 against the total amount due. (Dkt. No. 69 at 6). That credit included a reduction in interest on the Add-On charges, because the Bank indicated that it was no longer charging Ross interest on those charges. However, the credit did not include a reduction in interest on the amounts credited to principal. The Bank subsequently filed a Response on March 20, 2015 that set forth its position on damages in even greater detail. (Dkt. No. 70). Here, too, the Bank's damages figure did not provide for a reduction in interest on the amounts it had credited to principal.

Ross had the opportunity to raise the issue she now raises in her response to the Bank's March 20, 2015 submission, as provided in the November 5, 2014 Scheduling Order, which directed her to "file a response to the Bank's submission . . . setting forth the reasons for her disagreement, and any documentation that supports her position." (Dkt. No. 63). However, Ross did not file any response. Instead, Ross waited until *after* the Court issued its Memorandum Opinion and Order on damages to file a Rule 59(e) motion registering her disagreement with how the damages were calculated .

Ross' Motion is a clear example of an attempt to take a "second bite at the apple" by raising an objection that could have, and should have, been presented *before* the Court adjudicated the damages issue. *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d

16

Cir. 2002) (opining that Rule 59(e) motions may not be used "'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided'") (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)); *Prusky v. Prudential Ins. Co. of Am.*, 44 F. App'x 545, 548 n.1 (3d Cir. 2002) (explaining that the purpose of a reconsideration motion "is not to allow a party to simply change[ ] theories and [try] again, thus giving them a second bite at the apple.") (quotation omitted); *Haymond v. Lundy*, 205 F. Supp. 2d 390, 395, 396 (E.D. Pa. 2002) ("Motions for reconsideration are not to be used to reargue or relitigate matters already decided," nor are they intended as an opportunity for the losing party to raise arguments they neglected to include in previous briefs, as "Rule 59(e) motions are aimed at *re* consideration, not initial consideration.") (internal quotation marks omitted).

Moreover, Ross offers no reason why she did not raise this argument previously, and she does not claim that the Court overlooked a previously presented dispositive factual or legal issue. *Greene*, 2012 WL 4755061, at *2. Accordingly, the Court finds that Ross has not satisfied the Rule 59(e) manifest injustice requirement and will not grant her Rule 59(e) motion.

In sum, Ross has failed to demonstrate that reconsideration of this Court's June 15, 2015 Memorandum Opinion is warranted under Rule 59(e).

## C. Request for a Stay

Finally, citing Rule 60(b), Ross requests that execution of the judgment be stayed pending disposition of the instant motion. (Dkt. No. 77 at 6). She claims that the real property that is the subject of this matter is security enough, as the Bank's 2011 appraisal (Dkt. No. 77-3) shows that the Property is worth more than the Judgment entered in this case. *Id*.

By this Memorandum Opinion, the Court has resolved the instant motion. Accordingly, Ross' request for a stay is now moot.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 2, 2018　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　　Chief Judge