DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| THE BANK OF NOVA SCOTIA,<br><br>    **Plaintiff,**<br>  v.<br><br>DIANE D. ROSS a/k/a DIANE J. ROSS<br>a/k/a DIANE ROSS and HAROLD HODGE,<br><br>    **Defendants.** | Civil Action No. 2010-0118 |

**Appearances:**
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
**Claire E. Tagini, Esq.,**
Miami, FL
 *For Plaintiff*

**Diane D. Ross,** *Pro Se*
St. Croix, U.S.V.I.

**Martial Webster, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant Harold Hodge*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on a "Motion to Vacate June 15, 2015 Judgment pursuant to Issuance of Virgin Islands Supreme Court and Virgin Islands Superior Court Orders" filed on July 7, 2017 by Defendant Diane D. Ross a/k/a Diane J. Ross a/k/a Diane Ross ("Ross") in this breach of contract and foreclosure action. (Dkt. No. 113). In the instant Motion, Ross states that, on March 7, 2013, the Supreme Court of the Virgin Islands reversed an August 12, 2010 Judgment in *Harold Hodge v. Diane Ross and Ike Bracy,* SX-03-CV-29, which had granted Harold Hodge an equitable lien in the Property that has been foreclosed upon in this case. *Id.* Ross also states that, in March 2015, the Superior Court of the Virgin Islands dismissed a claim of conversion asserted by Hodge against Ross and Bracy in that same Superior Court case; and,

in January 2017, the Superior Court dismissed a claim for unjust enrichment in that case and decreed that Hodge's equitable lien against the Property be vacated. *Id.* Based on these Orders, Ross asks that the June 15, 2015 Judgment and Order in this case—which, *inter alia*, awarded final judgment to Plaintiff Bank of Nova Scotia (the "Bank") and against Ross in the breach of contract and foreclosure action, and reiterated an earlier finding from October 2012 that Hodge had a second priority lien on the Property—be vacated. *Id.* Neither the Bank nor Defendant Hodge responded to Ross' Motion.

In order to place Ross' Motion in context, the Court will provide a brief procedural history of this case. In December 2010, the Bank filed a breach of contract and foreclosure action against Ross and Hodge. (Dkt. No. 1). Hodge was named as a Defendant because he allegedly had a $70,000 lien against the Property at issue based on a judgment in a case in the Superior Court of the Virgin Islands, *Hodge v. Ross and Bracy*, Civil No. SX-03-CV-029. *Id.* ¶ 3.

Subsequently, the Bank filed a Motion for Summary Judgment in this case against both Defendants. (Dkt. Nos. 24-26). In a Memorandum Opinion and Order issued in October 2012, the Court granted the Bank's Motion for Summary Judgment against Ross, finding her liable on the Bank's breach of contract and foreclosure causes of action, and against Hodge, finding that the Bank's lien against the Property had priority over Hodge's alleged lien. (Dkt. No. 41; Dkt. No. 42 at 9). After further litigation, the Court issued a Judgment and Order on June 15, 2015 which assessed damages against Ross on the breach of contract cause of action. (Dkt. No. 74). The Judgment and Order also reiterated the October 2012 ruling that the Bank had a first priority lien on the Property and Hodge had a second priority lien. *Id.* Then, in July 2017, Ross filed the instant Motion to Vacate the June 2015 Judgment and Order based upon Orders issued in the courts of the Virgin Islands in March 2013, March 2015, and January 2017.

For the reasons that follow, the Court will deny Ross' Motion to Vacate. However, the Court will amend the June 15, 2015 Judgment and Order to remove the reference to Hodge having a second priority lien on the foreclosed Property.

**DISCUSSION**

A judgment may be vacated, altered, or amended pursuant to three rules of civil procedure: Rules 52(b), 59(e), and 60(b). Because both Rule 52(b) and Rule 59(e) motions "must be filed no later than 28 days after entry of judgment," those rules are inapplicable here, where the instant Motion was filed over two years after the June 2015 Judgment and Order. The only ground under which Ross could seek relief from the June 2015 Judgment & Order would be pursuant to Fed. R. Civ. P. 60(b). That rule provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c), in turn, provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Because the instant Motion was filed over two years after the Order at issue, grounds (1), (2), and (3) are not available for Ross to seek relief. Of the remaining grounds for relief, Rule 60(b)(5)—which allows relief from a judgment if it is "based on an earlier judgment that has

3

been reversed or vacated"—appears to be most apt.[1] Ross is apparently asserting that, after extensive litigation in the local courts, the equitable lien which served as the basis for Harold Hodge's second priority lien on the Property in this case was vacated and declared null and void.[2] (Dkt. No. 113 and attachments). As a consequence, she asks that the June 15, 2015 Judgment be vacated.

Ross is not entitled to vacatur of the June 15, 2015 Judgment because the breach of contract and foreclosure Judgment in favor of the Bank of Nova Scotia and against Ross was not based on Hodge's alleged lien on the Property.[3] However, Ross has made a sufficient showing under Rule 60(b)(5) to warrant an amendment to the June 15, 2015 Judgment. As indicated in the October 2012 Memorandum Opinion, the basis for the Court's ruling that Hodge had a second priority lien on the foreclosed Property was a lis pendens he recorded against the Property in connection with the Superior Court action. (Dkt. No. 42 at 5). The Superior Court has vacated the relief granted to Hodge in that action. Thus, there is no longer a basis for the second priority lien included in the Judgment and Order.

Based on this new fact, the Court will not vacate the June 15, 2015 Judgment as requested by Ross, but will exercise its discretion to amend the Judgment to remove the

---

[1] Ross does not argue—nor could she—that the June 2015 Judgment and Order is void. Thus Rule 60(b)(4) cannot provide a basis for relief. The Rule 60(b)(6) catch-all provision is also unavailable in view of the absence of any argument that Ross' failure to act should be excused by extraordinary circumstances. *See Ethan Michael Inc. v Union Twp.*, 392 F. App'x 906, 910 (3d Cir. 2010) (opining that "a party's failure to act must be excused by an extraordinary situation—more than mere neglect, inadvertence, indifference, or careless disregard of circumstances.").

[2] This Court did not determine the validity of Hodge's lien, but relied solely on the Superior Court case for the existence of the lien.

[3] Hodge's presence in this case was only for purposes of establishing that the Bank's lien had priority over his alleged lien.

reference to Hodge having a second priority lien on the Property. In all other respects, the June 15, 2015 Judgment will remain unaltered. The removal of the provision indicating that Hodge holds a second priority lien has no bearing on the Bank's right to foreclose on the Property and its right to damages as found in that Judgment.

In view of the foregoing, the Court will deny Ross' Motion to Vacate the June 15, 2015 Judgment (Dkt. No. 113), but will amend the Judgment consistent with this Opinion.

## **ORDER**

For the reasons set forth above, it is hereby

**ORDERED** that the "Motion to Vacate June 15, 2015 Judgment pursuant to Issuance of Virgin Islands Supreme Court and Virgin Islands Superior Court Orders" filed by Defendant Diane D. Ross a/k/a Diane J. Ross a/k/a Diane Ross (Dkt. No. 113) is **DENIED**; and it is further

**ORDERED** that the June 15, 2015 Judgment and Order is amended to the extent that the Court will remove the reference that Harold Hodge has a second priority lien on the Property, and any associated references, and will issue an Amended Judgment accordingly; and it is further

**ORDERED** that the June 15, 2015 Judgment and Order will remain unaltered in all other respects.

**SO ORDERED.**

Date: April 27, 2018 _____/s/_____
WILMA A. LEWIS
Chief Judge